

# NUMBER 13-18-00100-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JOSE TRINIDAD PEREZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Benavides and Hinojosa**
**Order Per Curiam**

Appellant's brief was originally due on August 15, 2018. This Court previously granted appellant five extensions to file the brief. Counsel for appellant filed an *Anders*[1] brief on March 14, 2019. The Clerk of this Court notified counsel by letter dated March

---

[1] *Anders v. California*, 386 U.S. 738, 744 (1967).

14, 2019, that appellant's brief was deficient and that counsel had failed to provide adequate documentation demonstrating compliance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). The Clerk directed counsel to file an amended brief and appropriate documentation within ten days. To date, counsel has failed to file an amended *Anders* brief and failed to demonstrate compliance with *Kelly*.

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following: (1) whether appellant desires to prosecute this appeal; (2) why appellant's counsel has failed to file a brief and whether counsel has effectively abandoned the appeal; (3) whether appellant has been denied effective assistance of counsel; (4) whether appellant's counsel should be removed; and (5) whether appellant is indigent and entitled to court-appointed counsel.

If the trial court determines that appellant does want to continue the appeal, that present counsel should be removed, and that appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent appellant in this appeal. If new counsel is appointed, the name, address, telephone number, email address, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its findings and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental

clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of April, 2019.